UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ANDROSHCHUK,<br><br>Plaintiff,<br><br>v.<br><br>B. CORRALEJO, *et al.*,<br><br>Defendants. | Case No. 2:25-cv-0397-JDP (P)<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, brings this § 1983 action against B. Corralejo, J. Metcalf, C. Paul, and M. Brewer, all officers at Mule Creek State Prison, alleging that they violated his due process rights. The allegations fail to state a claim. Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted herein.[1]

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

---

[1] Plaintiff filed an application to proceed *in forma pauperis*, ECF No. 2, and a motion for an extension of time to pay the filing fee, ECF No. 8. Plaintiff has since paid the full filing fee. Therefore, both motions are denied as moot.

1

1  which relief may be granted, or seeks monetary relief from a defendant who is immune from such
2  relief. *Id.*
3       A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
6  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
7  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
8  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
9  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 n.2 (9th Cir. 2006) (en banc) (citations omitted).
13      The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
14 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
15 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## Analysis

21      Plaintiff claims that defendants violated his due process rights. ECF No. 1. He alleges
22 that, on September 14, 2022, defendant Brewer intentionally falsified a Rules Violation Report
23 ("RVR").[2] *Id.* at 7. The RVR was referred to the District Attorney's Office for review. *Id.*
24 Because of this referral, plaintiff decided to postpone the disciplinary hearing on the RVR so that
25 whatever he said there could not be used at any subsequent criminal proceeding. *Id.* Shortly after
26 Brewer issued the RVR, plaintiff was relegated to administrative segregation, lost his A1/A

---

28     [2] Plaintiff does not provide the details of the RVR.

1  privileges, and was removed from his college courses, jobs, and other prison programs. *Id.*

2  In July 2023, plaintiff revoked his postponement and sought to have the disciplinary

3  hearing on the RVR. *Id.* at 8. For the hearing, plaintiff requested access to a video of the alleged

4  incident. *Id.* Defendant Paul, who was responsible for procuring the video, never turned the

5  video over to plaintiff. *Id.* at 8-9. This caused the hearing to be delayed for several months. *Id.*

6  at 8. Plaintiff's assigned "IE" was defendant Metcalf. *Id.* at 9. Metcalf failed to follow up with

7  responses to the questions plaintiff provided her and omitted critical facts from her report. *Id.*

8  Plaintiff was eventually found not guilty of the RVR but claims that he is still housed in a higher-

9  security-level prison. *Id.* at 10.

10  As an initial matter, the complaint contains no specific factual allegations against

11  defendant Corralejo. Plaintiff states that Corralejo was assigned as plaintiff's "dispo officer" and

12  that it was her responsibility to ensure that plaintiff's due process rights were not violated. *Id.* at

13  5. The complaint contains no allegations of Corralejo's specific wrongdoing. And if plaintiff

14  were attempting to assert a claim against her on the basis of supervisor liability, that claim would

15  fail. *See Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *Lemire v. California Dep't of*

16  *Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013).

17  Plaintiff's claim against Brewer is equally unsuccessful. Plaintiff alleges that Brewer filed

18  a false RVR against him (of which plaintiff was found not guilty). Courts have found that the

19  issuance of a false RVR does not, in and of itself, violate due process. *See Harper v. Costa*, 2009

20  WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), *aff'd*, 393 F. App'x 488 (9th Cir. 2010)

21  ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district

22  courts throughout California . . . have determined that a prisoner's allegation that prison officials

23  issued a false disciplinary charge against him fails to state a cognizable claim for relief under

24  § 1983."); *Holguin v. Wicks*, No. 1:16-cv-3460-DAD-BAM (PC), 2017 WL 2619118, at *3, (E.D.

25  Cal. Jun. 16, 2017) ("Even the falsification of a disciplinary report does not state a stand-alone

26  constitutional claim."); *Dawson v. Beard*, No. 1:15-cv-01867-DLB, 2016 WL 1137029, at *5

27  (E.D. Cal. Mar. 23, 2016) ("The issuance of a false RVR does not, in and of itself, support a

28  claim under section 1983.").

While plaintiff lacks a right protected by the Due Process Clause to be free from fabricated disciplinary charges, he is entitled to certain procedural protections in the adjudication of disciplinary charges that result in the deprivation of a liberty interest. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prison disciplinary hearings comply with procedural due process when: (1) the inmate receives advance written notice of the alleged violation to allow for time to prepare a defense; (2) the inmate has at least 24 hours to prepare for the hearing; (3) the inmate is allowed to call witnesses and present documentary evidence in his defense, so long as doing so would not be unduly hazardous to institutional safety or goals; (4) if the inmate is illiterate or the issue is complex, the inmate was given assistance during the hearing; and (5) the inmate received a written statement by the factfinders regarding the evidence relied on and reasons for the disciplinary action taken. *Id.* at 563-70. Inmates are also entitled to a fair, impartial decision-maker during disciplinary hearings who will be unbiased and not "dishonestly suppress[] evidence of innocence." *Edwards v. Balisok*, 520 U.S. 641, 647 (1997).

Plaintiff alleges that he was forced to postpone his disciplinary hearing for months because defendant Paul never turned over certain video evidence and defendant Metcalf failed to follow up with responses to questions with which plaintiff provided her and omitted critical facts from her report. These allegations do not make out a violation of plaintiff's procedural due process rights. There is no claim that plaintiff did not receive notice 24 hours before the hearing, a statement by the factfinder of the reasons for the discipline (plaintiff was not actually subjected to discipline at all), the opportunity to present evidence and witnesses, or legal assistance (if such assistance was required). While plaintiff alleges that he did not receive the video of the incident requested, he was granted an opportunity to present evidence and was ultimately found not guilty of the allegations in the RVR.

More consequential, however, is that plaintiff was found not guilty of the RVR. Because plaintiff was subsequently found not guilty of the charged violation, the issuance of the RVR does not appear to have deprived plaintiff of any protected liberty interest. *See Randolph v. Sandoval*, 2019 WL 2410469, at *7 (E.D. Cal. June 7, 2019) ("Any due process violations alleged in his disciplinary proceedings were rendered moot by the subsequent not guilty finding and

4

1  overturning of his RVRs."); *Shotwell v. Brandt*, 2012 WL 6569402, at *2 (N.D. Cal. Dec. 17,
2  2012) (finding no due process violation where the RVR was ultimately dismissed, as "[a] prisoner
3  has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct
4  which may result in the deprivation of a protected liberty interest") (citing *Sprouse v. Babcock*,
5  870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)).

6       As for plaintiff's claim that he is housed at a higher-security-level prison because the
7  RVR was issued against him, that claim is too conclusory to demonstrate a violation of his due
8  process rights in context with the false RVR.  Plaintiff was found not guilty of the allegations in
9  the RVR.

10       Accordingly, plaintiff's complaint is dismissed for failure to state a claim.  I will allow
11  plaintiff a chance to amend his complaint before recommending that this action be dismissed.  If
12  plaintiff decides to file an amended complaint, the amended complaint will supersede the current
13  one.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means
14  that the amended complaint will need to be complete on its face without reference to the prior
15  pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current one no
16  longer serves any function.  Therefore, in an amended complaint, as in the original, plaintiff will
17  need to assert each claim and allege each defendant's involvement in sufficient detail.  The
18  amended complaint should be titled "First Amended Complaint" and refer to the appropriate case
19  number.  If plaintiff does not file an amended complaint, I will recommend that this action be
20  dismissed.

21       Accordingly, it is hereby ORDERED that:

22       1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

23       2. Within thirty days from service of this order, plaintiff shall file either (1) an amended
24  complaint or (2) notice of voluntary dismissal of this action without prejudice.

25       3. Failure to timely file either an amended complaint or notice of voluntary dismissal may
26  result in the imposition of sanctions, including a recommendation that this action be dismissed
27  with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

28       4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, and motion for an extension of time, ECF No. 8, are DENIED as moot.

IT IS SO ORDERED.

Dated: _____August 5, 2025_____   _____
  JEREMY D. PETERSON
  UNITED STATES MAGISTRATE JUDGE