UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ANDROSHCHUK,<br><br>Plaintiff,<br><br>v.<br><br>B. CORRALEJO, *et al.*,<br><br>Defendants. | Case No. 2:25-cv-0397-JDP (P)<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. Plaintiff has also filed his fourth motion seeking an extension of time to file an amended complaint.

Plaintiff requests an extension of sixty days; however, plaintiff has already been granted 90 days to file an amended complaint. *See* ECF Nos. 10, 13, & 18. Therefore, plaintiff will be granted thirty days from the date of this order's issuance to file an amended complaint. Absent extraordinary circumstances, no further extensions will be granted.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional

1

1  circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as
2  well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the
3  legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not
4  abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional
5  circumstances is on the plaintiff.  *Id.*  Circumstances common to most prisoners, such as lack of
6  legal education and limited law library access, do not establish exceptional circumstances that
7  warrant a request for voluntary assistance of counsel.

8  Having considered the factors under *Palmer*, the court finds that plaintiff has failed to
9  meet his burden of demonstrating exceptional circumstances warranting the appointment of
10 counsel at this time.

11 Accordingly, IT IS HEREBY ORDERED that:

12 1. Plaintiff's motion for the appointment of counsel, ECF No. 19, is DENIED without
13 prejudice.

14 2. Plaintiff's motion for an extension of time, ECF No. 20, is GRANTED IN PART; and

15 3. Plaintiff is granted thirty days from the date of this order in which to file an amended
16 complaint.  No further extensions of time will be granted.

17 IT IS SO ORDERED.

19 Dated:   November 14, 2025                                    _____
                                                                 JEREMY D. PETERSON
20                                                               UNITED STATES MAGISTRATE JUDGE