UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ANDROSHCHUK,<br><br>Plaintiff,<br><br>v.<br><br>B. CORRALEJO, *et al.*,<br><br>Defendants. | Case No.  2:25-cv-0397-JDP (P)<br><br><br>ORDER |

Plaintiff, a state prisoner, initially brought this action alleging that defendants had violated his due process rights by filing a false Rules Violation Report ("RVR") against him.  ECF No. 1 at 7, ECF No. 10 at 2.  In my screening order, I explained that the issuance of a false RVR, standing alone, does not give rise to a viable section 1983 claim.  ECF No. 10 at 3.  I also found that, because plaintiff was convicted of the RVR, any claim that his due process rights were violated during its adjudication were also non-cognizable.  *Id.* at 4-5.  Plaintiff has now filed an amended complaint, ECF No. 23, that is difficult to understand and inadequate to proceed.  I will dismiss it and give him one final opportunity to amend.  I will deny his motion to consolidate.  ECF No. 22.

1

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff's amended complaint still concerns the same issuance of a false RVR, but its specifics are difficult to grasp.  For instance, plaintiff begins by stating that the false RVR was issued in retaliation for him making complaints against correctional officials, ECF No. 23 at 2-3,

2

but the complaint never adequately explains what complaints were made, against whom, or how plaintiff knows that the RVR was retaliation for the same.  Plaintiff also asks that proceedings be stayed against two defendants, Corralejo and Brewer, pending the outcome of a "habeas corpus/administrative writ of mandamus to be filed against them." *Id.* at 4.  But Brewer is the official who allegedly issued the false report in the original complaint, *see* ECF No. 10 at 3, and it is difficult to see how this claim can proceed without an active claim against him.

Additionally, plaintiff appears to raise a separate, unrelated failure-to-protect claim against defendant Mendoza, alleging that this officer ignored his safety concerns and failed to prevent an assault by other inmates.  ECF No. 23 at 11-12.  Plaintiff cannot join this claim with the allegations against Brewer regarding the false RVR unless he alleges that they are legally and factually related.

I will give plaintiff an opportunity to amend so that he may address these deficiencies.  He is advised that the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

**Motion to Consolidate**

I will deny plaintiff's motion to consolidate, which seeks to join this action with another that he has filed (No. 2:24-cv-1914-EFB).  Plaintiff argues that both actions involve retaliatory acts stemming from a grievance he filed, but he does not provide any specifics as to what acts or defendants are related across both cases.  ECF No. 22 at 2.  He invites me to consider the complaints in both actions, but this is insufficient to carry his burden.  If plaintiff wishes to consolidate these cases, his own motion must lay out the relevant background and argument in favor of doing so.  I will also note that, since plaintiff is being permitted to amend his complaint, he could choose to include all relevant parties in one complaint and voluntarily dismiss the other action.

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint, contained in ECF No. 23, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's motion to consolidate, ECF No. 22, is DENIED.

IT IS SO ORDERED.

Dated:    February 25, 2026    _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4