UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| EDWARD ANDROSHCHUK, | Case No.  2:25-cv-0397-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| B. CORRALEJO, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner, brings this action against six defendants and alleges that they violated his First Amendment rights by retaliating against him for filing staff complaints.  After reviewing the complaint, I find that plaintiff has stated potentially cognizable First Amendment claims against defendants Cesares, Baliton, Hurd, and Metcalf.  By contrast, his claims against defendant Mendoza, while potentially cognizable in another suit, do not appear sufficiently related to his claims against the other defendants to proceed in this suit.  And it is unclear from the complaint whether he is still alleging that Brewer violated his rights.  Plaintiff may proceed with his claims against Cesares, Baliton, Hurd, and Metcalf, or he may delay serving any defendant and file another amended complaint.

I.      Screening Standards

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II.     Analysis

Plaintiff alleges that, in September 2022, while incarcerated at Mule Creek State Prison, he filed a staff complaint against defendant Cesares.  ECF No. 25 at 8.  Thereafter, in retaliation, defendants Cesares, Baliton, and Hurd allegedly ransacked plaintiff's cell.  *Id.* Plaintiff also claims that these defendants used excessive force against him during this incident,

2

but he does not provide any specifics and, thus, no Eighth Amendment claim is cognizable to proceed. He may proceed with a First Amendment retaliation claim against these three defendants, however.

After this incident, plaintiff claims that, also in retaliation, defendant Cesares issued a false rules violation report. *Id.* at 9. This allegation also impacts defendant Brewer, insofar as it appears that plaintiff originally alleged that he authored this report. *Id.* In the complaint, however, Brewer's name is crossed out and Cesares is written atop it. *Id.* at 9, 12. Elsewhere in the complaint, Brewer is still alleged to have authored this report. *Id.* at 13. Thus, I cannot tell if plaintiff intends to bring any claim against Brewer, and I decline to find service appropriate for him at this time.

Regardless of who filed the rules violation report, plaintiff alleges that defendant Metcalf violated his rights by, purposely and in retaliation, causing production of exonerating documents to be delayed at his hearing on the report. *Id.* at 12. This First Amendment claim is cognizable.

Plaintiff's claim against Mendoza is non-cognizable as articulated because it is not related to his claims against the other defendants. While still sounding in retaliation, plaintiff claims that Mendoza violated his rights in 2023 at a different institution. *Id.* at 10. Specifically, he claims that Mendoza purposely ignored safety risks, and, ultimately, allowed him to be assaulted by other inmates. *Id.* at 10-11. Unrelated claims against multiple defendants belong in separate suits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring this claim, if at all, in another suit.

Plaintiff may elect to proceed only with his First Amendment claims against Cesares, Baliton, Hurd, and Metcalf, or he may delay serving any defendant and file an amended complaint. If he files an amended complaint, he is advised that it will fully supersede the current complaint, and should be titled "Third Amended Complaint."

Accordingly, it is ORDERED that:

1. Within thirty days, plaintiff may confirm his intent to proceed only with the First Amendment claims against Cesares, Baliton, Hurd, and Metcalf, or, within that same time, file an amended complaint with the understanding that doing so will delay service of any defendant. If

3

plaintiff confirms his intent to proceed with the cognizable claims, I will direct service for these defendants.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

IT IS SO ORDERED.


Dated:   May 5, 2026   _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4