UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ANDROSHCHUK,<br>Plaintiff,<br>v.<br>METCALF, *et al.*,<br>Defendants. | Case No. 2:25-cv-0397-WBS-JDP (P)<br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner, brought this action alleging that defendants Metcalfe, Casarez, Baliton, and Hurd violated his First Amendment rights by ransacking his cell in retaliation for a grievance he filed against Casarez.[1] ECF No. 25 at 8. Defendants (save Metcalfe) have filed a motion to dismiss, ECF No. 36, wherein they argue that exhibits attached to plaintiff's operative complaint establish that his allegations are false. Plaintiff has filed an opposition, ECF No. 39, and defendants have filed a reply, ECF No. 40. After review of the pleadings, I find that the claims against Casarez, Baliton, and Hurd should be dismissed without leave to amend.

[1] I will direct the Clerk of Court to update the spelling for defendants Metcalfe and Casarez on the docket.

Legal Standards

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. Iqbal, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Analysis

Plaintiff alleges that, in September 2022, he filed a staff complaint ("grievance') against defendant Casarez that complained he was "being targeted for discriminatory treatment on the basis of his Russian nationality." ECF No. 25 at 8. He claims that, soon after filing that grievance, defendants ransacked his cell and, on September 14, 2022, issued a false rules violation report in connection with the cell search. *Id.* at 8-9. Defendants argue that the relevant grievance, according to a California Department of Corrections and Rehabilitation ("CDCR") memorandum attached to the complaint, was not received by staff until October 19, 2022, and could not have been the impetus for any retaliatory action against plaintiff in September of that

year. *Id.* at 18. Thus, plaintiff cannot show, as he must, that defendants' conduct was motivated by a desire to retaliate against him for protected conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, 11 and (5) the action did not reasonably advance a legitimate correctional goal.").

Confusingly, plaintiff's opposition now argues that the retaliatory incident occurred not in September 2022, but on July 14, 2022. ECF No. 39 at 3. The operative complaint makes no reference to an incident occurring in July, however. Again, and in relevant part, the complaint alleges that plaintiff filed a staff complaint in September 2022 against Casarez and complained that he was being discriminated against because of his Russian nationality. ECF No. 25 at 8. Plaintiff claims that "soon after filing that complaint, defendants . . . ransacked plaintiff's cell . . . ." *Id.* The new claim raised in his opposition is wholly irreconcilable with his operative allegations. And, new allegations, raised for the first time in an opposition, may not be considered in weighing a motion to dismiss. *See Schneider v. Calif. Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

Plaintiff's claim that Casarez authored a false, retaliatory rules violation report after the incident also fails. As defendants note in their motion, exhibits attached to the complaint indicate that Casarez did not author any rules violation report during the relevant period, nor do the documents show he was involved in adjudication of any rules violation report. ECF No. 25 at 20-21.

I find that dismissal of these claims should be without leave to amend, as plaintiff could only salvage them by fundamentally changing them, as he attempted to do in his opposition. *See Squeo v. Campbell Soup Co.*, No. 24-cv-02235-SVK, 2024 U.S. Dist. LEXIS 192003, at *23 (N.D. Cal. Oct. 22, 2024) (dismissal without leave to amend was appropriate where plaintiffs could not cure deficiency "without fundamentally changing their allegations").

Accordingly, it is ORDERED that the Clerk of Court shall update the docket to reflect that defendants "Metcalf" and "Cesares" are properly spelled "Metcalfe" and "Cazarez."

Further, it is RECOMMENDED that:

1. Defendants' motion to dismiss, ECF No. 36, be GRANTED.

2. Plaintiff's claims against Casarez, Hurd, and Baliton be DISMISSED without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 19, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE